UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-123-DLB

ROGER MCCARTY, II                                                                                    PLAINTIFF

v.                              **MEMORANDUM OPINION AND ORDER**

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Roger McCarty's Motion for Summary Judgment (Doc. # 12), filed pursuant to 42 U.S.C § 405(g), which allows Plaintiff to obtain judicial review of an administrative decision by the Social Security Administration. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration,[1] has filed a Cross-Motion for Summary Judgment (Doc. # 16). The Court, having reviewed the administrative record and the parties' motions, and for the reasons stated herein, **affirms** the Commissioner's decision.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Roger McCarty is a 54-year-old resident of Paintsville, KY.  (Tr. 112).  Mr. McCarty filed an application for period of disability and disability insurance benefits with the Social

---

[1]   During the pendency of this lawsuit, Dr. Kilolo Kijakazi replaced Andrew Saul as Acting Commissioner of the Social Security Administration.  Mr. Saul, as former Commissioner, was named in the original Complaint (Doc. # 1) of this lawsuit, but the Social Security Administration as an entity remains the official defendant, and so the Court has substituted the current Acting Commissioner's name in the case caption.

1

Security Administration on October 26, 2018.  (Tr. 217).  In his application, Mr. McCarty alleged disability beginning on June 29, 2017 and continuing through the date of application, based on chronic migraines, fibromyalgia, chronic PTSD, and various other ailments.  (Tr. 113).  The SSA denied Mr. McCarty's claim initially on February 21, 2019 (Tr. 150), and then again upon reconsideration on July 18, 2019.  (Tr. 155).  Mr. McCarty requested a hearing on August 16, 2019 (Tr. 162), and the SSA conducted a hearing with an Administrative Law Judge (ALJ) on January 16, 2020.  (Tr. 177).  The ALJ returned an unfavorable decision, finding that Mr. McCarty was not disabled (Tr. 6), and Mr. McCarty filed a final appeal with the Appeals Council on July 23, 2020.  (Tr. 195).  The Appeals Council denied Mr. McCarty's appeal on September 14, 2020 (Tr. 1), which precipitated the filing of this action.

### III.     ANALYSIS

#### A.     Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).  Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations.  *Id.* (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner*

v. *Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side. *Id.*; *see also Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole." *Cutlip*, 25 F.3d at 286.

### B. The ALJ's Determination

To determine disability, an ALJ conducts a five-step analysis. *Walters*, 127 F.3d at 529. Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *See id.* (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant for Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity." *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, the ALJ determined at Step One that Mr. McCarty had not engaged in substantial gainful activity since the alleged onset date of his disability. (Tr. 12). At Step Two, the ALJ found that Mr. McCarty's severe impairments were diabetes, migraines, post-traumatic stress disorder, depression, and alcohol abuse disorder. (*Id.*). While Mr. McCarty also claimed to suffer from fibromyalgia in his application, the ALJ found that Mr. McCarty did not have the requisite number of "tender points" in his medical record to support fibromyalgia being a severe impairment for Social Security purposes. (Tr. 13).

At Step Three, the ALJ found that Mr. McCarty's mental health issues, including his alcohol abuse, met or medically equaled one of the listed impairments in the governing regulations. (*Id.*). More specifically, however, the ALJ also noted that Mr. McCarty's alcohol abuse seemed to have caused his mental health issues. (*Id.*). Substance abuse, when determined to be a material factor in the ALJ's decision, disqualifies an applicant from benefits and automatically results in a non-disability determination. *See* 20 C.F.R. § 404.1535. However, determining whether substance abuse is a material factor generally depends on whether the applicant would still be disabled without the substance abuse. *See id.*

Accordingly, the ALJ returned to Step Three to evaluate Mr. McCarty's disability claim without considering the substance abuse and the resulting mental health issues. (Tr. 14 and 15). Upon consideration of Mr. McCarty's remaining ailments, the ALJ concluded that they did not meet or medically equal any of the listed impairments in Step Three. (Tr. 15). From there, at Step Four, the ALJ determined that (again notwithstanding the alcohol abuse) Mr. McCarty's residual functional capacity enabled him to perform "medium work" with some limitations. (Tr. 16). At Step Five, after consulting with a

vocational expert, the ALJ found that there were jobs available in significant numbers within the national economy that Mr. McCarty could perform based on his residual functional capacity and without substance abuse. (Tr. 21). The ALJ's findings at Step Three, Four, and Five, without considering Mr. McCarty's alcohol abuse, resulted in a non-disability finding. (Tr. 22).

Thus, because Mr. McCarty would not be disabled without consideration of his alcohol abuse, the ALJ determined that "the substance abuse disorder [was] a contributing factor material to the determination of disability," and Mr. McCarty's claim was denied. (Tr. 22). On appeal to this court, Mr. McCarty argues that the ALJ erred in determining that he has substance abuse issues, and that the ALJ erred in discounting Mr. McCarty's credibility. (Doc. # 12-1 at 1). The Court has concluded that Mr. McCarty's arguments do not warrant reversal and remand, and the Commissioner's decision is thus affirmed for the foregoing reasons.

**C.     Discussion**

### 1.     The ALJ's decision regarding Mr. McCarty's alcohol usage is supported by substantial evidence.

As previously stated, "substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286. The Court cannot weigh the evidence or re-litigate the case, but only examine the sufficiency of the evidence, even if the Court may have decided the case in a different manner. *See Her*, 203 F.3d at 389-90. If the ALJ's decision is supported by substantial evidence, the Court must affirm the decision. *Cutlip*, 25 F.3d at 286.

While the decision regarding McCarty's alcohol usage is a close call, the Court cannot relitigate the case; it can only evaluate the evidence in light of the ALJ's decision, and unfortunately for Mr. McCarty, the standard of review in these types of cases is extremely deferential. In other words, "more than a scintilla of evidence but less than a preponderance" of evidence exists in the record to support the ALJ's determination as to Mr. McCarty's alcohol usage, and so the Court must affirm the Commissioner's decision. *Cutlip*, 25 F.3d at 286.

In January 2019, Mr. McCarty was seen by a physician affiliated with the Department of Veterans Affairs Medical Center in Chillicothe, Ohio. (Tr. 518). During that visit, the physician recorded in a report that Mr. McCarty attested to taking part in "sporadic 'benders,' during which [he] drinks enough to 'blackout.'" (Tr. 520). The physician also wrote that "[McCarty] state[d] his last 'bender' was this past weekend. [McCarty] endorse[d] consuming '6-7 shots' of liquor on Friday, and more than 7 shots on Saturday . . . state[d] prior to this, [he] had last drank alcohol 'about a year ago.'" (*Id.*). Mr. McCarty points out that during the same visit, the VA physician also listed "R/O alcohol use disorder" in the visit report, which is purported to stand for a "rule out" diagnosis. (Tr. 521). According to Mr. McCarty, the "rule out diagnosis" shows that despite the previous notes, the physician ruled out a diagnosis of alcohol use disorder, meaning no alcohol use disorder exists. (Doc. # 12-1 at 9). However, the district court is unable to "resolve conflicts in evidence or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). When taken at face value, the physician's notes indicate substantial evidence to support the ALJ's decision, as medical documentation of

6

repeated "sporadic benders" to the point of blacking out does suggest problematic usage of alcohol. (Tr. 519).

Furthermore, the ALJ followed the Social Security Administration's policies and procedures for evaluating disability claimants with alcohol usage issues, which also supports a finding of substantial evidence. *Contra Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) ("Where, however, an ALJ fails to follow agency rules and regulations, we find a lack of substantial evidence[.]"). After determining that substance abuse was present in the case (Tr. 14), the ALJ then found that it was material to the disability determination. (Tr. 15-16). The ALJ's reasoning tracks with governing regulations, which state that the key factor in determining whether substance abuse is a material issue "is whether [the SSA] would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1). Accordingly, the ALJ in this case determined that if Mr. McCarty had stopped using alcohol, he would not otherwise be disabled. (Tr. 15-16).

Thus, even though Mr. McCarty has argued fervently that he does not abuse alcohol, the Court cannot overturn the ALJ's decision, as it is supported by substantial evidence.

### 2. *The Court cannot override the ALJ's evaluation of Mr. McCarty's credibility, as it is supported by substantial evidence.*

Mr. McCarty has also argued that the ALJ improperly discounted his credibility, in finding that his "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are inconsistent with the residual functional capacity assessment for the reasons explained in this decision." (Doc. # 12-1 at 10 (quoting Tr. 17)). The standard of review for questions of credibility also rests in substantial evidence. *Walters*, 127 F.3d

7

at 531 (internal citations omitted).  In other words, "[g]iven the substantial deference accorded the credibility determination of the Commissioner, 'claimants challenging the ALJ's credibility determination face an uphill battle.'"  *Hartman v. Colvin*, 954 F. Supp. 2d 618, 637 (W.D. Ky. 2013) (quoting *Franson v. Comm'r of Soc. Sec.*, 556 F. Supp. 2d 716, 726-27 (W.D. Mich. 2008)).  Because Mr. McCarty made several conflicting statements, which were pointed out by the ALJ, the Court finds that the ALJ's evaluation of Mr. McCarty's credibility is supported by substantial evidence.

At Tr. 17, the ALJ noted that Mr. McCarty had given many conflicting statements, including about why he stopped working, his symptoms' responsiveness to treatment, and his ability to complete daily tasks.  The ALJ provided citations to the record, and upon review, the Court has confirmed the inconsistencies noted by the ALJ.  To provide one example, at the hearing in January 2020, Mr. McCarty and his wife stated that he had not been able to take part in a truck restoration hobby for several years due to his medical problems.  (Tr. 99 and 101) ("He has a car sitting in there that's been sitting in there for years with nothing being done, it's just a hobby he always enjoyed.").  But in October 2019, Mr. McCarty told a VA healthcare provider that he had been "staying busy" working on the truck restoration, and that "the truck [was] almost done."  (Tr. 602).  The inconsistency between these statements is just one of several pointed out by the ALJ in his written opinion.  (*See, e.g.*, Tr. 17).  Accordingly, the ALJ's discounting of Mr. McCarty's credibility is supported by substantial evidence and must be affirmed.

## IV.     CONCLUSION

In close, the Court notes that Mr. McCarty is a veteran of the United States Navy and thanks him for his service to our country.  However, due to the deferential standard

8

provided by law with respect to Social Security decisions, the Court is unable to overturn the ALJ's decision, as it is supported by substantial evidence, and it is thus affirmed.

Accordingly, **IT IS ORDERED** that:

(1)   Mr. McCarty's Motion for Summary Judgment (Doc. # 12) is **DENIED**;

(2)   The Commissioner's Motion for Summary Judgment (Doc. # 16) is **GRANTED**;

(3)   This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and;

(4)   An accompanying Judgment shall be entered herewith.

This 16th day of March, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\Pikeville\20-123 McCarty MOO.docx